[933 NYS2d 615]

In the Matter of MARTIN S. VASQUEZ, an Attorney, Resignor.

Second Department, November 29, 2011

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Martin S. Vasquez*, Corona, resignor pro se.

**OPINION OF THE COURT**

Per Curiam.

Martin S. Vasquez has submitted an affidavit dated April 25, 2011, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Vasquez was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on July 18, 1994.

On April 21, 2011, Mr. Vasquez pleaded guilty in the New York City Criminal Court, Queens County, to two counts of offering a false instrument for filing in the second degree, in violation of Penal Law § 175.30, a class A misdemeanor. He was sentenced to a one-year conditional discharge. This conviction arose out of Mr. Vasquez's role in several real estate transactions.

Mr. Vasquez is aware that the Grievance Committee for Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) is investigating two complaints of professional misconduct against him alleging failure to safeguard client funds, failure to satisfy or move to vacate a civil judgment entered against him, and failure to cooperate with the Grievance Committee's investigation. He acknowledges that if charges were brought predicated on these allegations, he could not successfully defend himself on the merits against such charges.

Mr. Vasquez acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of its submission.

Mr. Vasquez's resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends the acceptance of Mr. Vasquez's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Mr. Vasquez is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

Ordered that the resignation of Martin S. Vasquez is accepted and directed to be filed; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Martin S. Vasquez is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Martin S. Vasquez shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Martin S. Vasquez is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Martin S. Vasquez has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Mr. Vasquez shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).